Filed 1/24/14  P. v. Isaac CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B246239 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA086556) |
| v. | |
| RICKY ISAAC, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Margaret L. Oldendorf, Judge.  Affirmed as modified.

Jeffrey Lewis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Ricky Isaac appeals from the judgment entered following his conviction by jury on one count of commercial burglary (Pen. Code, § 459)[1] and one count of petty theft with three prior convictions of certain offenses (§§ 666, subd. (a), 484, subd. (a)). We order the judgment modified to impose mandatory fees under section 1465.8 and Government Code section 70373. In all other respects the judgment is affirmed.

On May 15, 2012, around 8:30 p.m., Piry Chavrin was working at the Fiore Market Cafe in South Pasadena, helping with a cooking class that was being held after regular business hours. The class was being held in a patio on the side of the building. The front door of the building was closed but not locked. Chavrin heard a bell that rings when the cash register is opened, so he went to the front room to check who had opened it. He saw appellant taking money out of the register. Chavrin yelled, "Hey," startling appellant.

Appellant ran out the door, and Chavrin chased him, calling for the cafe owner, William Disselhorst. Chavrin and Disselhorst chased appellant down the street, tackled him, and held him until the police arrived. When appellant stood up, there was a pile of money under him. The amount of money matched the amount taken from the cash register.

Appellant was charged by information with second degree commercial burglary (§ 459), petty theft (§ 484, subd. (a)), and petty theft with three priors (§ 666, subd. (a)). The information further alleged that appellant had suffered eight prior convictions and served prison terms pursuant to section 667.5, subdivision (b).

Appellant made a *Marsden* motion, seeking to replace his counsel. (*People v. Marsden* (1970) 2 Cal.3d 118.) After holding a hearing, the court denied his

---

[1] All further statutory references are to the Penal Code.

request. Appellant thereafter refused to attend the trial. Appellant was deemed to be voluntarily absent pursuant to section 1043. The jury was instructed that appellant was unable to be there and that it should not make any assumptions in his favor or against him based on his absence.

The jury found appellant guilty. Appellant waived a jury trial on the issue of his prior convictions.

The court found true the allegation that appellant had suffered three prior convictions. Appellant was sentenced to the midterm of two years as to the burglary count, plus consecutive terms of one year each for the three prior convictions, for a total of five years. As to the petty theft with priors count, a sentence of three years was imposed and stayed pursuant to section 654. His sentence was to be served in county jail pursuant to section 1170, subdivision (h)(2). The court ordered appellant to pay $240 in restitution pursuant to section 1202.4, subdivision (b)(1). Appellant filed a timely notice of appeal.

After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to the holding of *People v. Wende* (1979) 25 Cal.3d 436, 441.

On August 13, 2013, we advised appellant that he had 30 days within which to submit any contentions or issues that he wished us to consider. On August 30, 2013, appellant filed a supplemental brief, arguing that his due process rights were violated because he was arrested on July 11, 2012, but did not appear before a judge until July 18, 2012.

Section 825, subdivision (a)(1) requires that a defendant be brought before a magistrate within 48 hours of his arrest. "'The right to a prompt arraignment is "'a fundamental right of the arrested person.'"' [Citation.]'" (*Youngblood v. Gates* (1988) 200 Cal.App.3d 1302, 1322.) However, "a violation of a defendant's right

3

to be taken before a magistrate without unnecessary delay does not require reversal 'unless he shows that through such wrongful conduct he was deprived of a fair trial or otherwise suffered prejudice as a result thereof' [citation]." (*People v. Powell* (1967) 67 Cal.2d 32, 60.) We have reviewed the record and find no evidence that appellant was deprived of a fair trial or suffered prejudice as a result of his alleged failure to be brought before a magistrate within 48 hours of his arrest.

The minute order and the abstract of judgment contain a $40 court operations assessment (§ 1465.8, subd. (a)(1)) and a $30 criminal conviction assessment (Gov. Code, § 70373, subd. (a)(1)). However, the transcript indicates that the court never imposed these fees when it imposed sentence.

Generally, "[w]here there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls. [Citations.]" (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) However, the court operations assessment and criminal conviction assessment fees are mandatory. (*People v. Woods* (2010) 191 Cal.App.4th 269, 272.) An unauthorized sentence may be corrected at any time. (*People v. Smith* (2001) 24 Cal.4th 849, 854.) Section 1465.8, subdivision (a)(1) requires a $40 court operations assessment to be imposed on every conviction. Government Code section 70373, subdivision (a)(1) requires a $30 criminal conviction assessment to be imposed on every conviction. Appellant suffered two convictions. We therefore order the judgment modified to impose an $80 court operations assessment and a $60 criminal conviction assessment.

We have examined the entire record and are satisfied that no arguable issues exist, and that appellant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate

4

review of the judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113.)

**DISPOSITION**

The judgment is modified to impose an $80 court operations fee and a $60 criminal conviction assessment.  The clerk of the superior court is directed to prepare an amended abstract of judgment and to forward a copy to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, J.

We concur:

EPSTEIN, P. J.

MANELLA, J.